STATE OF NORTH CAROLINA        FILED IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF ROBESON       22 CVS 1996

2022 JUL 26 P 3:41

ROBESON CO., C.S.C.

BY_____

CHRISTINE REITANO COOK and
GREGORY DOUGLAS COOK

      Plaintiffs,

v.

ROADREADY TRANSFER SERVICE, INC.;
RICHMOND H. PAGE, Public Administrator
of the ESTATE OF MICHAEL WARREN
REICH

      Defendants.

**COMPLAINT**

**(JURY TRIAL DEMANDED)**

NOW COMES the Plaintiffs, complaining of the Defendants, and alleges and says:

## PARTIES AND JURISDICTION

1. Plaintiff **Christine Reitano Cook** (hereafter, "Plaintiff Christine Cook") is a citizen and resident of Henrico County, Virginia.

2. Plaintiff **Gregory Douglas Cook** (hereafter, "Plaintiff Greg Cook") is a citizen and resident of Henrico County, Virginia.

3. Defendant **Roadready Transfer Service, Inc.** (hereafter, "Defendant Roadready") is a foreign corporation organized and existing in the State of Wisconsin. Defendant Roadready Transfer Service, Inc. is a national full-service transportation company specializing in the handling of time-sensitive less-than-truckload (LTL) quantities.

1

4. Defendant **Richmond H. Page, Public Administrator of the Estate of Michael Warren Reich**, has applied for and has been duly appointed as Public Administrator of the Estate of Michael Warren Reich by the Robeson County Clerk of Superior Court.

5. Defendant Richmond H. Page, Public Administrator of the Estate of Michael Warren Reich is a citizen and resident of Robeson County, North Carolina.

6. Defendant Richmond H. Page is being sued in his capacity as Public Administrator of the Estate of Michael Warren Reich and is the real party in interest pursuant to Rule 17(a) of the North Carolina Rules of Civil Procedure.

7. Venue is proper in Robeson County Superior Court pursuant to G.S. § 1-82.

8. At all relevant times, Michael Warren Reich, deceased, was operating a "commercial motor vehicle" in "interstate commerce" as per 49 C.F.R. parts 383, 387, and 390-399 and was acting within the course and scope of his employment with Defendant Roadready.

9. At all relevant times, Michael Warren Reich, deceased, was an "employee" of Defendant Roadready as per 49 C.F.R. § 390.5.

10. At all relevant times, Michael Warren Reich, deceased, was an employee of Defendant Roadready and was operating a commercial vehicle on behalf of and in furtherance of Defendant Roadready, under and by the authority of Defendant Roadready pursuant to Defendant Roadready's federal DOT Number 284372.

11. At all relevant times, Defendant Roadready engaged in substantial business activities and commerce within the State of North Carolina, including the County of Robeson, and availed itself to the laws and jurisdiction of the State of North Carolina.

12. At all relevant times, Defendant Roadready was a "motor carrier" as per 49 C.F.R. parts 383, 387 and 390-399.

13. At all relevant times, Defendant Roadready was a "motor carrier" as defined by 49 U.S.C. § 13102(14).

14. At all relevant times, Defendant Roadready was an "employer" as defined by 49 C.F.R. § 390.5.

15. Plaintiffs have reviewed all available legal claims and causes of action against Defendants and has intentionally chosen to pursue only claims based upon North Carolina law. Any reference to any federal agency, regulation, or rule is stated solely as background information and explicitly does not create a federal question. Plaintiffs have chosen to pursue only state law claims and are not making any claims that raise federal questions.

## STATEMENT OF THE FACTS

16. The foregoing paragraphs are hereby re-alleged and incorporated herein by reference.

17. On July 29, 2019 at approximately 10:49am, decedent Michael Warren Reich was operating a 2014 Freightliner owned, operated and controlled by Defendant Roadready.

18. At the time and date above stated, Plaintiff Christine Cook was the operator and owner of a 2014 Toyota.

19. At the time and dated above stated, decedent Michael Warren Reich was traveling east on U.S. 74 in Cleveland County, NC when he failed to reduce speed causing his commercial vehicle to collide with the rear of a 2020 International vehicle operated by Stephane Edoa-Ebolo, which in turn struck the rear of Plaintiff Christine

Cook's vehicle, both of whom were slowing for a red light at the intersection of US 74 and SR 1155.

20. At all times relevant herein, decedent Michael Warren Reich was acting as an agent or employee of Defendant Roadready and within the course and scope of his employment with Defendant Roadready. Likewise, at all relevant times and at the time of the subject collision, decedent Michael Warren Reich was acting under the direction, control, and actual and apparent authority of Defendant Roadready.

21. Upon information and belief, prior to the subject collision, decedent Michael Warren Reich had traveled throughout the night from Louisville, KY, at times filming himself while operating a commercial vehicle. Such films were posted to Youtube.com, where decedent regularly posted public videos of himself driving commercial vehicles at highway speeds, which were owned, operated and controlled by Defendant Roadready.

## COUNT I: NEGLIGENCE OF EMPLOYEE MICHAEL WARREN REICH, IMPUTED TO DEFENDANT ROADREADY TRANSFER SERVICE, INC.

22. The foregoing allegations are re-alleged and incorporated herein by reference.

23. At all relevant times, Michael Warren Reich owed a duty of reasonable and ordinary care to Plaintiffs and the motoring public in the operation of the commercial motor vehicle which was owned, operated and controlled by Defendant Roadready.

24. Decedent Michael Warren Reich was negligent, grossly negligent, willful and wanton in that he:

> a. Negligently, grossly negligently, willfully and wantonly failed to reduce speed;

4

      b. Negligently, grossly negligently, willfully and wantonly failed to keep a proper lookout;

      c. Negligently, grossly negligently, willfully and wantonly failed to maintain proper attention to the roadway;

      d. Negligently, grossly negligently, willfully and wantonly operated a commercial vehicle in a careless, reckless and unsafe manner;

      e. Negligently, grossly negligently, willfully and wantonly operated a commercial vehicle at highway speeds while also filming himself and other objects within the vehicle for extended periods of time;

      f. Otherwise failed to operate the subject commercial vehicle as a reasonable and prudent person under same or similar circumstances as will be further shown in discovery.

25. Such negligence, gross negligence and willful and wanton acts or omissions of the decedent Michael Warren Reich was the direct and proximate cause in Plaintiff Christine Cook suffering serious and painful personal injuries, actual physical pain and mental suffering, other related expenses, future medical expense and lost wages for which Plaintiff Christine Cook is entitled to an award of compensatory damages in excess of twenty-five thousand dollars ($25,000.00).

26. Plaintiff Christine Cook does *not* assert claims for past medical expenses in this civil action.

27. Such negligence, gross negligence and willful and wanton acts or omissions of decedent was the direct and proximate cause in Plaintiff Christine Cook suffering loss of income and loss of future earning capacity for which Plaintiff Christine Cook is entitled to compensatory damages in excess of twenty-five thousand dollars ($25,000.00).

5

28.     Plaintiff Gregory Cook hereby asserts a claim for *loss of consortium* in that (1) Plaintiff Gregory Cook and Plaintiff Christine Cook were legally married at the time of the subject collision, (2) Plaintiff Gregory Cook's marital relationship with Plaintiff Christine Cook had marital services, society, affection, companionship and sexual relations, (3) that Plaintiff Gregory Cook loss consortium of Plaintiff Christine Cook and (4) that decedent Michael Warren Reich's negligence, gross negligence and willful and wanton acts or omissions was a proximate cause of the loss of consortium sustained by Plaintiff Gregory Cook. Plaintiff Gregory Cook is entitled to compensatory damages in excess of twenty-five thousand dollars ($25,000.00).

29.     Such negligence, gross negligence and willful and wanton acts or omissions of decedent Michael Warren Reich is imputed to Defendant Roadready by operation of law under the theories of vicarious liability, *respondeat superior* and/or agency.

## COUNT II: DIRECT NEGLIGENCE OF DEFENDANT ROADREADY TRANSFER SERVICE, INC.

30.     The foregoing allegations are re-alleged and incorporated herein by reference.

31.     At all relevant times, Defendant Roadready owed a duty of reasonable and ordinary care to the motoring public and to Plaintiffs. Such duty includes, the reasonable and responsible hiring, retention, selection, control and training of employees or agents of Defendant Roadready who regularly operate commercial motor vehicles on public streets and highways.

32.     Upon information and belief, at the time of the subject collision, decedent Michael Warren Reich was and is considered a statutory employee of Defendant Roadready, pursuant to Title 49 § 14102 of the United States Code and also per 49 C.F.R. § 390.5 and that Defendant Roadready is vicariously liable for all negligent and grossly negligent acts and/or omission of its employee driver.

6

33. Upon information and belief, prior to the time of the subject collision, Defendant Roadready was the owner and was in possession, custody and control of the tractor driven by decedent Michael Warren Reich. On or about July 29, 2019, Defendant Roadready directed decedent Michael Warren Reich to use the commercial vehicle in question for the purpose of operating it on the public streets and highways of the State of North Carolina and therefore decedent Michael Warren Reich operated said vehicle with the knowledge, consent and permission of Defendant Roadready at all relevant times.

34. At all relevant times, Defendant Roadready was the owner of the subject commercial vehicle being operated by decedent Michael Warren Reich. Defendant Roadready was negligent in entrusting the subject commercial vehicle to decedent Michael Warren Reich who was a careless, incompetent and reckless driver. Defendant Roadready knew or should have known that decedent Michael Warren Reich was a careless, incompetent and reckless driver, based in part on his public Youtube.com channel wherein decedent regularly posted videos of himself operating commercial vehicles owned by Defendant Roadready.

35. Defendant Roadready was independently and directly negligent, grossly negligent and willful and wanton in the following ways:

   a. Negligently and grossly negligently hired decedent Michael Warren Reich;
   b. Negligently and grossly negligently retained decedent Michael Warren Reich;
   c. Negligently and grossly negligently supervised and monitored decedent Michal Warren Reich;
   d. Negligently and grossly negligently entrusted a commercial vehicle to decedent Michael Warren Reich;
   e. Negligently and grossly negligently trained decedent Michael Warren Reich;

  f. Negligently and grossly negligently failed to monitor decedent Michael Warren Reich;

  g. Was otherwise negligent and grossly negligent as will be further shown in discovery.

36. Such negligence of Defendant Roadready was the direct and proximate cause in Plaintiff Christine Cook suffering serious and painful personal injuries, actual physical pain and mental suffering, other related expenses, future medical expenses and lost wages for which Plaintiff Christine Cook is entitled to an award of compensatory damages in excess of twenty-five thousand dollars ($25,000.00).

37. Plaintiff Christine Cook does *not* assert claims for past medical expenses in this civil action.

38. Such negligence of Defendant Roadready was the direct and proximate cause in Plaintiff Christine Cook suffering loss of income and loss of future earning capacity for which Plaintiff Christine Cook is entitled to compensatory damages in excess of twenty-five thousand dollars ($25,000.00).

39. Plaintiff Gregory Cook hereby asserts a claim for *loss of consortium* in that (1) Plaintiff Gregory Cook and Plaintiff Christine Cook were legally married at the time of the subject collision, (2) Plaintiff Gregory Cook's marital relationship with Plaintiff Christine Cook had marital services, society, affection, companionship and sexual relations, (3) that Plaintiff Gregory Cook loss consortium of Plaintiff Christine Cook and (4) that Defendant Roadready's negligence and gross negligence was a proximate cause of the loss of consortium. Plaintiff Gregory Cook is entitled to compensatory damages in excess of twenty-five thousand dollars ($25,000.00).

## COUNT III: PUNITIVE DAMAGES

40. The foregoing allegations are re-alleged and incorporated herein by reference.

41. Pursuant to Chapter 1D of the North Carolina General Statues, Plaintiffs hereby asserts a claim for punitive damages, jointly and severally against Defendant Roadready and Defendant Richmond H. Page, Public Administrator of the Estate of Michael Warren Reich, for an amount in excess of twenty-five thousand dollars ($25,000.00).

42. Decedent Michael Warren Reich's conduct was willful and wanton pursuant to Chapter 1D of the North Carolina General Statues in the following respects:

   a. By operating a commercial vehicle on a public street or highway at highway speeds, at night while also filming himself and other objects in the vehicle for extended periods of time (e.g., in excess of 20 minutes).
   b. By operating a commercial vehicle at night and at highway speeds while also using a handheld cellular device;
   c. Willfully violated G.S. § 20-137.4A(a1) by operating a commercial vehicle on a public street or highway while using a mobile telephone or other electronic device for excessive periods of time (e.g., in excess of 20 or more minutes).
   d. Was otherwise willful and wanton in such other manners as will be further shown in discovery.

43. Decedent Michael Warren Reich regularly and openly posted numerous videos of himself driving commercial motor vehicles owned by Defendant Roadready to Youtube.com, a public website.

44. Decedent Michael Warren Reich posted a video to Youtube.com on the *day of the collision* (July 29, 2019) which lasted 25 minutes and 34 seconds. This video shows decedent Michael Warren Reich driving the subject commercial vehicle owned by Defendant Roadready prior to the impact with Plaintiff Christine Cook's vehicle later that day.

45. In the various public videos and the video from July 29, 2019, decedent Michael Warren Reich is driving the commercial vehicle owned by Defendant Roadready carelessly, recklessly and with willful and wanton disregard for human life and for the motoring public.

46. In that decedent Michael Warren Reich was acting as an employee or agent of Defendant Roadready, the willful and wanton acts or omissions of decedent Michael Warren Reich are imputed to Defendant Roadready by operation of law.

47. Defendant Roadready's conduct was independently and directly willful and wanton under Chapter 1D of the North Carolina General Statutes in that Defendant Roadready:

    a. Willfully and wantonly entrusted, hired, retained, trained, supervised and condoned the dangerous and reckless behavior and dangerous driving habits of decedent Michael Warren Reich by willfully ignoring the ongoing pattern of dangerous driving habits and public videos being posted to the internet.

    b. Willfully and wantonly failed to monitor its employee drivers, including decedent Michael Warren Reich, who were operating commercial vehicles owned by Defendant Roadready while also filming themselves and thereafter posting such videos to the public domain.

    c. Willfully and wantonly failed to implement a system to prevent its employees from willfully and recklessly operating its commercial vehicles while being distracted by a mobile device or video

10

cameras while also traveling at highway speeds on public streets and highways.

d. Was otherwise willful and wanton as will be further shown in discovery.

48. The willful and wanton conduct of both the decedent Michael Warren Reich and Defendant Roadready was the direct and proximate cause in Plaintiff Christine Cook suffering serious and painful personal injuries, actual physical pain and mental suffering, other related expenses, future medical expenses and lost wages for which Plaintiff Christine Cook is entitled to an award of punitive damages in excess of twenty-five thousand dollars ($25,000.00).

49. Plaintiff Christine Cook does *not* assert claims for past medical expenses in this civil action.

50. Such willful and wanton negligence of decedent Michael Warren Reich and Defendant Roadready was the direct and proximate cause in Plaintiff Christine Cook suffering loss of income and loss of future earning capacity for which Plaintiff Christine Cook is entitled to punitive damages in excess of twenty-five thousand dollars ($25,000.00).

51. Plaintiff Gregory Cook hereby asserts a claim for *loss of consortium* in that (1) Plaintiff Gregory Cook and Plaintiff Christine Cook were legally married at the time of the subject collision, (2) Plaintiff Gregory Cook's marital relationship with Plaintiff Christine Cook had marital services, society, affection, companionship and sexual relations, (3) that Plaintiff Gregory Cook loss consortium of Plaintiff Christine Cook and (4) that Defendant Roadready's negligence and gross negligence was a proximate cause of the loss of consortium. Plaintiff Gregory Cook is entitled to punitive damages in excess of twenty-five thousand dollars ($25,000.00).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendants, jointly and severally, as follows:

a. For judgment in an amount in *excess of* TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) plus interest thereon as allowed by law in favor Plaintiff Christine Cook for compensatory damages.
b. For judgment in an amount in *excess of* TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) plus interest thereon as allowed by law in favor Plaintiff Gregory Cook for compensatory damages.
c. For judgment in an amount in *excess of* TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) plus interest thereon as allowed by law in favor Plaintiff Christine Cook for punitive damages.
d. For judgment in an amount in *excess of* TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) plus interest thereon as allowed by law in favor Plaintiff Gregory Cook for punitive damages.
e. That the cost of the action be taxed against the Defendants.
f. For a trial by jury to all issues of fact arising herein.
g. For such other and further relief as the Court may deem just and proper.

This the 26th day of July, 2022.

MUSSELWHITE, MUSSELWHITE,
BRANCH & GRANTHAM, P.A.

J. WILLIAM OWEN
P.O. Box 1448
Lumberton, NC 28359
N.C. Bar No. 47994
wowen@mmbglaw.com
*Attorney for Plaintiffs*

12